STATE *v.* PUCKETT.

[90 South.  113.  No. 22335.]

1. FALSE PRETENSES. *When proof of notice of nonpayment of check and failure to repay is relied on, anly necessary to allege and prove giving of notice and failure to repay.*

Chapter 120, Laws 1916, does not require that the payee of a check which was not paid upon presentation shall give the drawer thereof ten days' notice of its nonpayment, and in an indictment founded upon this statute it is only necessary to allege and prove that this written notice was given, and the amount of the check was not repaid within ten days after the receipt thereof, when the state relies upon the failure to repay the check as constituting *prima-facie* evidence of obtaining the amount thereof under false pretenses.

2. FALSE PRETENSES. *Indictment must allege defendant's knowledge of insufficiency of funds to meet check.*

    An indictment based upon chapter 120, Laws 1916 (Hemingway's Code, section 897), must allege that the defendant knew at the time of the making and delivery of the check that he did not have sufficient funds in or credit with the bank upon which it is drawn for the payment of the check in full upon presentation.

3. FALSE PRETENSES. *Indictment for false pretenses alleging nonpayment of bank check held insufficient.*

    An indictment founded upon chapter 120, Laws 1916 (Hemingway's Code, section 897), is defective if it fails to charge that the defendant did not in fact have sufficient funds in or credit with the bank upon which the check is drawn for the payment thereof in full upon its presentation, and that the same was not, and has not been paid, and the allegation that the check were returned to the payee marked "No funds" is not a sufficient charge of these facts.

APPEAL from circuit court of Simpson county.

HON. W. J. HUGHES, Judge.

T. M. Puckett was indicted for obtaining money by false pretenses, his demurrer to the indictment was sustained, and the state appeals. Affirmed.

*D. C. Enochs,* assistant attorney-general for the state.

COOK, J., delivered the opinion of the court.

The appellee, T. M. Puckett, was indicted under the provisions of chapter 120, Laws 1916, and interposed a demurrer to the indictment. The demurrer was sustained by the court below, and from this judgment the state prosecutes this appeal.

The indictment reads as follows:

"The grand jurors for the state of Mississippi . . . upon their oath, present: That T. M. Puckett, on the 3d day of December, 1920, in Simpson county aforesaid, then and there acting for himself, with intent to defraud one E. J. Brooks, did unlawfully, willfully, and feloniously obtain of and from the said E. J. Brooks a good and valid check drawn for one hundred and twenty-five dollars,

which amount was paid to the said T. M. Puckett in good and lawful currency of the United States upon present-ment for payment, by means of drawing a bank check for the payment of money on the Commercial Bank of Magee, Miss., for the sum of one hundred and twenty-five dollars in favor of said E. J. Brooks, the said T. M. Puckett know-ing, at the time he drew said check as aforesaid, that he did not have sufficient funds or credit with said Com-mercial Bank for the payment of said check, said check hav-ing been presented in less than thirty days by payee or as-signee to Commercial Bank of Magee and returned to payee marked "No funds" and he, the said T. M. Puckett, did thereby obtain from E. J. Brooks one hundred and twenty-five dollars under false pretense, against the peace and dig-nity of the state of Mississippi."

The demurrer contained four grounds, and reads as fol-lows:

"(1) Said indictment fails to inform the defendant of the nature of the crime against him as required by law, with such certainty as to advise as to the nature of said charge.

"(2) Said indictment fails to charge that the defendant did know that he had not sufficient money at the time the check was drawn by the defendant, as alleged in the in-dictment, and fails to allege that ten days' notice in writing was given defendant of the nonpayment of said check.

"(3) Said indictment fails to allege that defendant was notified by the payee of said check within ten days of the drawing of said check that there was not sufficient money in said bank to satisfy or pay same.

"(4) Said indictment does not allege that the payee of said check was induced by the drawing of said check to pay the sum of money, to wit, one hundred and twenty-five dollars, or that said check in any way induced said payee to pay said one hundred and twenty-five dollars, and for further cause to be assigned at the hearing of this de-murrer."

Chapter 120, Laws of 1916 (Hemingway's Code, section 897), upon which this indictment was founded reads as follows:

"That any person, acting for himself or another, who with intent to defraud shall obtain money, credit, goods, wares, or anything of value by means of making or drawing, or uttering or delivering any check, draft or order for the payment of money upon any bank or other deposi- tory, knowing at the time of making or drawing such check, draft or order, or of the uttering or delivering of same, that he has not sufficient funds in or credit with such bank or other depository for the payment of such check, drafts or order in full, upon its presentation, provided that all such checks, drafts or orders shall be presented by the payee or assignee thereof to such bank or depository for pay- ment within thirty days from the date of said draft, check, or order, shall be guilty of a misdemeanor, if the amount of such check, draft or order be under twenty-five dollars, and he shall be guilty of a felony if the amount of such check, draft or order be twenty-five dollars or more, and upon conviction thereof shall be punished as in other cases for obtaining money or goods under false pretenses. The failure of the person drawing, uttering or delivering such check, draft or order to pay or have paid the amount of same within ten days after receipt by him of written no- tice of its nonpayment upon presentation, shall be *prima- facie* evidence of obtaining the amount of said check, draft or order, or of the goods or other property obtained by the giving of said check, draft or order by the person giving or drawing or uttering same, under false pretenses, within the meaning of this act, and mailing, postpaid, to the post office address of the maker, drawer or utterer of such check, draft or order, shall be *prima-facie* evidence of the receipt of such notice."

The record does not disclose the grounds upon which the demurrer was sustained by the court below but the argu- ment of the attorney-general is directed principally to those grounds of the demurrer which challenge the suf-

ficiency of the indictment for the reason that it fails to allege that ten days' written notice of the nonpayment of the check was given the defendant. This statute does not require that the payee of the check shall give the drawer thereof ten days' written notice of its nonpayment, and therefore it is unnecessary for the indictment to allege that such notice was given or that the drawer failed to repay the amount within ten days after receipt of such notice. The statute provides that the failure of the person drawing such check to pay or have paid the amount of same within ten days after receipt by him of written notice of its nonpayment, upon presentation, shall be *prima-facie* evidence of obtaining the amount of the check under false pretenses within the meaning of the act; but, to constitute the offense under this statute, it is not necessary to allege or prove that such notice was given. Only when the state relies upon the failure to repay the check as constituting *prima-facie* evidence of obtaining the amount thereof under false pretenses, is it necessary to allege and prove that this notice was given and the amount was not repaid within ten days after the receipt therefor.

We think, however, this indictment is defective in not alleging that the defendant knew at the time of the making and delivery of the check that he did not have sufficient funds in or credit with said bank for the payment of the check in full upon its presentation. The indictment is further defective in failing to charge, by proper averment, that the defendant did not in fact have sufficient funds in or credit with said bank for the payment of the check in full upon its presentation, and that the same was not, and has not been, paid by the bank. The allegation that the check was returned to the payee marked "No funds" is not a sufficient charge that defendant did not have sufficient funds in or credit with the bank for the payment of the check and that it has not been paid.

The judgment of the court below sustaining the demurrer will therefore be affirmed.

*Affirmed.*